UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA DENISE BEASLEY,

      Plaintiff,                        Case No. 14-cv-14386
                                          Hon. Matthew F. Leitman

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT
AND RECOMMENDATION (ECF #18), ADOPTING REPORT AND
RECOMMENDATION (ECF #17), (2) DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (ECF #12), AND (3) GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #14)**

**INTRODUCTION AND PROCEDURAL HISTORY**

On July 16, 2009, Plaintiff Gloria Denise Beasley ("Beasley") filed

applications for Disability Insurance Benefits and Supplemental Social Security

Income Benefits (the "2009 Applications"). (*See* ECF #8-3 at 5, Pg. ID 120.)

Beasley claimed that she became disabled on January 21, 2009, and that she

suffered from, among other things, diabetes, degenerative disc disease, depression,

and obesity. (*See id.*)  The Social Security Administration initially denied the 2009

Applications, and Beasley thereafter requested a hearing before an Administrative

Law Judge. (*See id.*)  That hearing was held on March 7, 2011. (*See id.*)  Following

1

the hearing, the assigned Administrative Law Judge issued a written decision dated April 21, 2011. He concluded that Beasley was not disabled and was not entitled to benefits. (*See id.*)  It does not appear that Beasley ever asked this Court to review that ruling.

In October 2011, Beasley filed new applications for Disability Insurance Benefits and Supplemental Social Security Income Benefits (the "2011 Applications"). (*See* ECF #8-5 at 2-14, Pg. ID 217-229.)  In the 2011 Applications, Beasley asserted that her disability began on April 22, 2011 (the day after the Administrative Law Judge issued the adverse ruling on the 2009 Applications). (*See id.* at 2, 9, Pg. ID 217, 224.)  Beasley further claimed that she had been unable to work due to the same conditions that were at issue in the 2009 Applications (i.e., diabetes, degenerative disc disease, and depression). (*See* ECF #8-6 at 6, Pg. ID 243.)

On December 21, 2011, the Social Security Administration denied Beasley's claims for benefits in the 2011 Applications. (*See* ECF #8-3 at 17-38, Pg. ID 132-153.)  Beasley again requested a hearing before an Administrative Law Judge. That hearing was held before Administrative Law Judge Timothy C. Scallen (the "ALJ") on April 18, 2013. (*See* Hearing Transcript, ECF #8-2 at 36-85, Pg. ID 66-115.)  In addition to holding a hearing, the ALJ also reviewed Beasley's medical records and numerous submissions from physicians, including Dr. Alis Vidinas

("Dr. Vidinas"), Beasley's treating physician. Dr. Vidinas asserted that Beasley was disabled and was therefore "unable to work." (ECF #8-7 at 2-4, Pg. ID 296-98.)

On July 2, 2013, the ALJ issued a written decision on Beasley's claims of disability in the 2011 Applications. (*See* ECF #8-2 at 16-28, Pg. ID 46-58.) The ALJ concluded that Beasley was not disabled and was not entitled to benefits. (*See id.*) In his decision, the ALJ explained that he gave "little weight" to the opinion provided by Dr. Vidinas, "some weight" to the opinion provided by the consultative examiner, Dr. Jose Jurado, "significant weight" to the opinion provided by the state agency medical consultant Dr. Robert Roschmann ("Dr. Roschmann"), and "significant weight" to the opinion provided by the state agency psychological consultant, Dr. Michael McCarthy. (*Id.* at 24-26, Pg. ID 54-56.)

Beasley then filed a request for review of the ALJ's decision with the Social Security Administration's Appeals Council (the "Appeals Council"). (*See* ECF #8-2 at 12, Pg. ID 42.) The Appeals Council declined Beasley's request for review on September 18, 2014. (*See* ECF #8-2 at 2-5, Pg. ID 32-35.)

On November 14, 2014, Beasley filed this action in which she challenges the ALJ's determination that she was not disabled and was not entitled to benefits. (*See* Complaint, ECF #1.) The parties filed cross-motions for summary judgment (*see* ECF ## 12, 14) and, on January 5, 2016, the assigned Magistrate Judge

3

recommended that the Court deny Beasley's Motion for Summary Judgment (ECF #12) and grant the Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF #14) (the "R&R"). (*See* ECF #17.)

In the R&R, the Magistrate Judge carefully and thoroughly examined Beasley's claims that the ALJ erred when he found that she was not disabled. (*See id.* at 6-17, Pg. ID 514-525.)   The Magistrate Judge first addressed Beasley's argument that the ALJ should not have discounted the opinion of her treating physician, Dr. Vidinas.   The Magistrate Judge concluded that the ALJ complied with the applicable regulations by providing "good reasons" for not giving "controlling weight" to the opinion of Dr. Vidinas. (*Id.* at 6-9, Pg. ID 514-517.) Specifically, the Magistrate Judge determined that the ALJ "supported his lengthy, well-reasoned assessment of Dr. Vidinas's opinion by citing numerous specific examples of its inconsistency with Dr. Vidinas own treatment notes as well as the results of examinations conducted by [Beasley's] neurosurgeon and the consultative examiner." (*Id.* at 9, Pg. ID 517.)   The Magistrate Judge then concluded that the ALJ did not err when he gave "significant weight" to the opinion of Dr. Roschmann (*id.* at 11-12, Pg. ID 519-520) and did not improperly assess Beasley's credibility (*id.* at 12-16, Pg. ID 520-524).   Beasley has now filed timely objections to the R&R (the "Objections"). (*See* ECF #18.)

4

<u>**ANALYSIS**</u>

Beasley has not separately identified her objections to the R&R. Instead, she includes all of her objections in an unbroken six-page passage. The Court has done its best to identify and address below each of the grounds on which she objects.

**1.    Beasley's Objection Based on the ALJ's Decision to Discount the Opinion of Her Treating Physician**

Beasley argues that the ALJ should have given controlling weight to the opinion of her treating physician, Dr. Vidinas. (*See* Objections at 1-4, Pg. ID 527-530.) A treating physician's medical opinion is given "controlling weight" if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). An ALJ must provide "good reasons" for discounting the opinion of a disability applicant's treating physician. *See id.*; *see also Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007).

In this case, the ALJ declined to give Dr. Vidinas's opinion controlling weight because the medical evidence in the record – *including Dr. Vidinas's own treatment notes* – did not support Dr. Vidinas's conclusion that Beasley was disabled:

> As for the opinion evidence, the undersigned has considered the opinion provided by the claimant's treating physician, Dr. Alis Vidinas (Ex. B1F/1-3). The

5

undersigned gives Dr. Vidinas' opinion little weight. While Dr. Vidinas treated the claimant during the period relevant to this decision, his opinion is inconsistent with his own treatment notes and the medical records as a whole. Dr. Vidinas concluded the claimant's impairments prevented her from standing, walking or sitting more than one hour out of an eight-hour day and that the claimant was unable to work in any capacity because of her impairments (Ex. B1F/1-3).However, Dr. Vidinas' treatment notes indicate that Dr. Vidinas only recommended exercise for the claimant's back impairment (Ex. B1F; B3F). In addition, Dr. Vidinas' treatment notes do not reflect the severe limitations included in hi[s] medical source statement. Dr. Vidinas' treatment notes indicate the claimant had tenderness in her lumbar spine and slightly reduced strength in her right side, but do not indicate that the claimant had any difficulty walking during the appointments (Id.). In addition, despite the debilitating limitations in his medical source statement, Dr. Vidinas noted the claimant's straight leg raise testing was negative bilaterally and she was non compliant with his recommendations (Ex. B1F/4-5; B3F/3; B7F/3). Dr. Vidinas' opinion is also inconsistent with the other exams in the record. Dr. Vidinas opined that the claimant was unable to stand or walk for more than [a] few minutes at one time in December 2011 (Ex. B1F/1-3). However, on July 30, 2012, Neurosurgeon, Dr. Ian Lee, indicated that the claimant's exam showed normal strength and sensation in her legs, she walked with a normal gait and she was alert and well oriented (Ex. B4F/3). In addition, the claimant's consultative exam in December 2012 indicated there was no evidence of focal muscle atrophy in any extremity and no signs of muscle spasms in her lumbar spine and no tenderness in her lumbar spine (Ex. B5F/3). Her range of motion in her lumbar spine was normal except for a reduced range of flexion and extension with reports of pain (Ex. B5F/3, 6). She had a normal range of motion in her hips and all extremities (Ex. B5F/3, 6-7). Lastly, the undersigned has

6

> given more weight to the opinions provided by the state
> agency medical consultant, Dr. Robert Roschmann (Ex.
> B2A/7-10). Unlike Dr. Vidinas, as a state agency medical
> consultant, Dr. Roschmann's opinion is consistent with
> the medical record.

(ECF #8-2 at 24, Pg. ID 54.)

Beasley argues that the ALJ's analysis quoted above is flawed because the ALJ ignored substantial medical evidence in the record that supports Dr. Vidinas's conclusions, including CT and MRI examinations from March 2011. (*See id.* at 2-3, Pg. ID 528-529.)  The Court disagrees.

As the Commissioner correctly notes (*see* ECF #19 at 2-3, Pg. ID 536-37), much of the evidence cited by Beasley in her criticism of the ALJ's analysis relates to Beasley's condition *before* her claimed current period of disability began on April 22, 2011.  For example, Beasley says that the ALJ failed to account for (1) an observation by Dr. Vidinas on January 7, 2011, that Beasley's back pain had worsened and that she was having difficulty walking and (2) test results from March 17 and March 26, 2011, that showed a bulging disc and compression of nerves in her back. (*See* Objection at 2, Pg. ID 528.)  All of this evidence predates the current period of disability – which began in April 2011 – and thus does not undermine the ALJ's decision to give less than controlling weight to Dr. Vidinas's opinion that Beasley was disabled during the relevant time period.

7

Moreover (and in any event), the ALJ *did* consider Beasley's March 2011 tests, and he explained why they supported his conclusion that Beasley was not disabled.  For instance, the ALJ noted (*see* ECF #8-2 at 22, Pg. ID 52) that the March 26, 2011, MRI of Beasley's lumbar spine showed that her condition had "not significantly changed from 2010" – a time during which it had been determined that Beasley was *not* disabled (ECF #8-3 at 5, Pg. ID 120) – and that her bulging disc had actually "improved." (ECF #8-7 at 21-22, Pg. ID 315-16.)[1] For all of these reasons, the Court rejects Beasley's argument that the ALJ's assessment of Dr. Vidinas's opinion failed to account for important medical evidence.

Beasley further argues that the ALJ erred when he discounted Dr. Vidinas's opinion on the ground that Dr. Vidinas "only recommended exercise" for Beasley's "back impairment." (ECF #8-2 at 24, Pg. ID 54.)  But, as the quoted passage from the ALJ's decision above makes clear, the ALJ's reference to exercise was just one part of his lengthy analysis as to why he gave Dr. Vidinas's opinion limited weight. (*See* ECF #8-2 at 24, Pg. ID 54.)  Moreover, it was not necessarily unreasonable for the ALJ to conclude that there was an inconsistency between Dr. Vidinas's exercise treatment recommendation and his conclusion that

---

[1] Likewise, the ALJ explained (*see* ECF #8-2 at 23, Pg. ID 53) that an MRI of Beasley's lumbar spine taken in July 2012 showed that Beasley's condition had "not significantly changed" from when Beasley had her March 2011 exam. (ECF #8-7 at 63-64, Pg. ID 357-58.)

8

Beasley suffered from a total disability. *See, e.g., Helm v. Comm'r v. Soc. Sec.*, 405 Fed. App'x 997, 1001 (6th Cir. 2011) (fact that plaintiff's treating physician treated plaintiff's pain with medication alone was a "good reason" for discounting physician's opinion that plaintiff suffered from "total disability"); *Myatt v. Comm'r v. Soc. Sec.*, 251 Fed. App'x 332, 334-35 (6th Cir. 2007) (finding plaintiff's "modest treatment regimen…inconsistent with a diagnosis of total disability").

Finally, Beasley argues that the ALJ's decision to discount Dr. Vidinas's opinion is inconsistent with the Sixth Circuit's decision in *Gayheart v. Comm'r of Soc. Sec*., 710 F.3d 365 (6th Cir. 2013) (holding that ALJ lacked good reasons to reject treating physician's opinion).  However, the ALJ in *Gayheart* failed to "identify the substantial evidence that [was] purportedly inconsistent" with the treating physician's conclusion that the plaintiff was disabled. *Id.*  Here, as described above, the ALJ did identify specific and objective evidence in the record that demonstrated that Dr. Vidinas's opinion was not consistent with the doctor's own treatment notes and with Beasley's medical records.

## 2.     Beasley's Objection Related to the ALJ's Credibility Determination

Beasley next objects to the ALJ's conclusion that her testimony about her symptoms and her condition was not fully credible. (*See* Objections at 4, Pg. ID 530.)  Beasley says the ALJ's conclusions with respect to her credibility were not

"supported by substantial evidence." (Objections at 5-6, Pg. ID 531-532.)   The Court overrules this objection.

The ALJ provided multiple specific reasons, supported by citations to the record and medical evidence, to support his conclusion that Beasley was not fully credible when she claimed she suffered from multiple disabling conditions:

> The undersigned has considered the testimony and written statements provided by the claimant.   The undersigned finds her statements less than fully credible. The medical record does not support the severity of the claimant's allegations. While the record indicates the claimant consistently reported low back pain, it also indicates that the claimant's treating physician, Dr. Vidinas, never recommended more than exercise and physical therapy for the claimant's back pain after the claimant's alleged onset date (Ex. B1F/4-5; B3F; B7F). Dr. Vidinas also indicated that the claimant was non-compliant with his recommendations and there is no indication in the record that the claimant sought or received any physical therapy for her back impairment after her alleged onset date (Ex. B6F/35). The claimant testified that she could only lift three or four pounds because of pain and weakness in her upper extremities. However, her consultative exam in December 2012 indicated that she had a full range of motion in her upper extremities and no atrophy in the muscles in her upper extremities (Ex. B5F). While the claimant demonstrated zero grip strength in her right hand, the report indicates that she had no difficulty performing tasks that required fine and gross manipulation bilaterally and the record indicates that she never sought or received treatment for any problems with her right hand (Ex. B5F/3, 7-8). The claimant also testified that she was unable to stoop, kneel, crouch or crawl. However, her consultative exam indicated that she had a full range of motion in her lower extremities and retained sixty degrees of flexion, fifteen

10

degrees of extension and a full range of lateral extension in her lumbar spine (Ex. B5F/6). In addition, while Dr. Vidinas concluded the claimant could never stoop and the claimant said she could never stoop, she also said that she drove a car on a regular basis. The diagnostic imaging in the record does not support the severity of the claimant's impairments. While the imaging in the record showed degenerative disc disease at multiple levels of the claimant's lumbar spine, it did not show any nerve root compression or disc herniations (Ex. B1F/20-21; B3F/24-25). The claimant also alleged disability based on depression. However, when the claimant sought treatment for depression, her mental status exams indicated her ability to concentrate, her memory and her psychomotor activity was normal (Ex. B2F/3-7). The claimant's activities of daily living do not support the severity of her impairments. While the claimant alleged disabling physical and mental limitations, she testified that she went outside regularly, drove a car, went to the store and went to band concerts at WSU and liked to bake.

(ECF #8-2 at 26-27, Pg. ID 56-57.)

Beasley specifically takes issue with ALJ's criticism that she failed to comply with Dr. Vidinas's treatment plan on one occasion. (*See* Objections at 5-6, Pg. ID 531-532.)  But as the passage quoted above makes clear, the ALJ did not base his credibility determination on that one example of non-compliance, standing alone.  He also cited specific examples of how Beasley's claims were inconsistent with the medical record.  This case therefore stands in contrast to *Rogers v. Comm'r v. Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007), on which Beasley relies.  In *Rogers*, the Sixth Circuit faulted an ALJ for finding a claimant to be not credible

11

without providing "specific reasons for the finding on credibility, supported by the evidence in the case record." *Id*. at 249. The ALJ here did not commit that error.

**3.   Beasley's Objection Based Upon the ALJ's Reliance on the Opinion of the Reviewing Physician Over That of the Treating Physician**

Beasley's final objection relates to the ALJ's reliance on the opinion of Dr. Roschmann, the state agency medical consultant who never examined Beasley. (*See* ECF #5-6, Pg. ID 531-532.) Beasley argues that Dr. Roschmann reviewed her case file in December 2011 and thus failed to consider substantial medical evidence that came into existence after that time. (*See id.*) Beasley insists that Dr. Roschmann's opinion cannot "be relied upon in the face of clear [conflicting] opinions from both a treating and consultative physician, both of which considered far more evidence." (*Id.* at 5, Pg. ID 531.) This objection fails for two reasons.

First, Beasley has failed to explain how the medical evidence that came into existence after Dr. Roschmann's December 2011 review shows that her condition has substantially changed since that time. Indeed, as discussed above, much of the evidence she did identify in the Objections shows no such change or worsening in Beasley's condition. The ALJ reasonably concluded that Dr. Roschmann's testimony was supported by evidence in the case record. *See, e.g.*, *Helm*, 405 Fed. App'x at 1002 ("There is no categorical requirement that the non-treating source's opinion be based on a complete or more detailed and comprehensive case record.

12

The opinions need only be supported by evidence in the case record") (internal quotation marks omitted).

Second, it was reasonable for the ALJ to adopt Dr. Roschmann's opinion over the competing opinion of Dr. Vidinas because, as explained in detail above, the ALJ reasonably concluded that Dr. Vidinas's opinion was inconsistent with the medical evidence.

## <u>CONCLUSION</u>

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff Gloria Beasley's Objections to the R&R (ECF #18) are **OVERRULED**, and the Magistrate Judge's R&R (ECF #17) is **ADOPTED** as the Opinion of this Court. **IT IS FURTHER ORDERED**, for the reasons stated in the R&R, that (1) Beasley's Motion for Summary Judgment (ECF #12) is **DENIED** and (2) Defendant's Motion for Summary Judgment (ECF #14) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 21, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

13